# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD STOCKTON, | : | Civil No. 1:22-CV-00902 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT THOMAS | : | |
| MCGINLEY, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Before the court is Plaintiff's motion for reconsideration, Doc. 54,

Defendants' motion to dismiss the complaint, Doc. 29, Defendants' motion to

revoke Plaintiff's *in forma pauperis* status, Doc. 50, Plaintiff's motion for a

preliminary injunction, Doc. 45, and Plaintiff's request for a subpoena, Doc. 63.

For the reasons discussed below, the court will deem Plaintiff's motion for

reconsideration withdrawn.  The court will grant in part Defendants' motion to

dismiss.  All claims and all defendants except those claims resulting from the

conduct alleged from May 1, 2022 through June 15, 2022 against Defendants

Yodis, Fenstermacher, Evans, Cohoon, Brown, Delton, McGinley, Gibson, Burns,

Marsh, McDonald, Bergeron, and Stamm will be dismissed.  The court will grant

Defendants' motion to revoke Plaintiff's *in forma pauperis* status.  The court will

deny Plaintiff's motion for a preliminary injunction and his request for a subpoena.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint in June of 2022.  (Doc. 1.)

Twenty days later, Plaintiff filed an amended complaint.  (Doc. 6.)  The amended

complaint named 29 defendants from SCI-Houtzdale, 19 Defendants from SCI-

Coal Township, and the prison commissary industries, and brought claims of

conspiracy, retaliation, deliberate indifference, equal protection, excessive force,

free speech, failure to protect, cruel and unusual punishment, defamation, sexual

harassment, and embezzlement.  (*Id.*)  Both the complaint and the amended

complaint were served on all defendants on July 12, 2022.  (Docs. 13, 14.)

Plaintiff filed two motions for preliminary injunction.  (Docs. 8, 20.)  The

court denied these motions on October 31, 2022.  (Doc. 46.)  On November 7,

2022, Plaintiff filed a motion for reconsideration of the court's order.  (Doc. 54.)

This motion for reconsideration is now ripe to be addressed by the court.

On September 9, 2022, Defendants filed a motion to dismiss for failure to

state a claim.  (Doc. 29.)  Defendants then filed a brief in support on September 23,

2022.  (Doc. 31.)  Plaintiff filed a brief in opposition on November 3, 2022.  (Doc.

49.)  That same day, Defendants filed a motion to revoke Plaintiff's *in forma*

*pauperis* status and a brief in support.  (Docs. 50, 51.)  On November 21, 2022,

Plaintiff filed a brief in opposition to Defendants' motion.  (Doc. 61.)  Both the

motion to dismiss and the motion to revoke *in forma pauperis* status are ripe for the court's determination.

On October 31, 2022, Plaintiff filed a motion for a preliminary injunction and temporary restraining order addressing concerns that his property had been destroyed. (Doc. 45.) Plaintiff filed multiple supplements to his motion. (Docs. 48, 55, 56, 60, 66.) On November 21, 2022, the court ordered Defendants to respond to this motion. (Doc. 62.) While this response was pending, the court entered a temporary restraining order to enjoin the DOC from destroying Plaintiff's property. (*Id.*) Defendants' response confirmed that no property was destroyed and detailed how the property was being held. (Doc. 46.) Plaintiff's motion is now ripe to be addressed by this court.

On November 21, 2022, Plaintiff filed a request for subpoenas. (Doc. 63.) The court takes this opportunity to address his request.

## JURISDICTION

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

## VENUE

Venue is proper in this district for all acts and omissions giving rise to the claims that occurred at SCI-Coal Township, which is located within this district.

3

*See* 28 U.S.C. § 118(b).  Venue is not proper for the acts and omissions giving rise to claims that occurred at SCI-Houtzdale.  As discussed below, these claims will be dismissed.

**DISCUSSION**

**A. Plaintiff's Motion for Reconsideration Will Be Deemed Withdrawn.**

As an initial matter, the court will address Plaintiff's motion for reconsideration of the court's October 31, 2022 order denying his motions for preliminary injunction.  (Doc. 54.)  Plaintiff failed to file a brief in support of this motion.  Local Rule 7.5 states, in pertinent part, that "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn."  Without a brief in support of the motion, the court has insufficient information to determine whether it is appropriate to grant or deny the motion at this time.  For this reason, and in accordance with Local Rule 7.5, Plaintiff's motion, Doc. 54, will be deemed withdrawn.

**B. Defendants' Motion To Dismiss Will Be Granted In Part.**

**1.  Standard of Review**

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id*. (quoting

*Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to

survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir.

2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint

survives a motion to dismiss, a court identifies "the elements a plaintiff must plead

to state a claim for relief," disregards the allegations "that are no more than

conclusions and thus not entitled to the assumption of truth," and determines

whether the remaining factual allegations "plausibly give rise to an entitlement to

relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other*

*grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must

"accept all factual allegations as true, construe the complaint in the light most

favorable to the plaintiff, and determine whether, under any reasonable reading of

the complaint, the plaintiff may be entitled to relief." *Phillips v. County of*

*Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings,*

*Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts

contained in the complaint, the court may also consider "exhibits attached to the

complaint, matters of public record, as well as undisputedly authentic documents"

attached to a defendant's motion to dismiss if the plaintiff's claims are based upon

these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196

(3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and

held to a less stringent standard than formal pleadings drafted by attorneys. *See*

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193

(3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be

granted leave to file a curative amended complaint even when a plaintiff does not

seek leave to amend, unless such an amendment would be inequitable or futile.

*See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir.

2014). A complaint that sets forth facts which affirmatively demonstrate that the

plaintiff has no right to recover is properly dismissed without leave to amend.

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## 2. Summary of the Complaint

The operative complaint in this matter is the amended complaint filed on

June 28, 2022. (Doc. 6.)[1] This complaint raises claims against 29 defendants from

---

[1] Any claims raised in the original complaint will be dismissed and their merits will not be
addressed further by this court. Plaintiff was allowed to file an amended complaint once as a
matter of course within 21 days of his original complaint. *See* Fed. R. Civ. P. 15(a)(1)(A).
Plaintiff filed the amended complaint 20 days after the original complaint. (Doc. 6.) However,

SCI-Houtzdale, 19 defendants from SCI-Coal Township, and the prison

commissary industries.  (*Id.*)  The alleged conduct giving rise to the amended

complaint occurred in January 2018, June 2019, July 2019, and March 2020 at

SCI-Houtzdale.  (*Id.*)  The amended complaint then focuses on alleged events from

May 1, 2022 to June 18, 2022 at SCI-Coal Township.  (*Id.*)  Plaintiff provided a

summary of the claims he alleged in his 32-page complaint: "Plaintiff avers claims

of ongoing conspiracy, ongoing retaliation, ongoing deliberate indifference,

ongoing violations of equal protection, ongoing excessive force, ongoing violation

of free speech, ongoing failure to protect, ongoing cruel and unusual punishment,

ongoing continuous harm, these claims can even be found individually, defamation

of character, sexual harassment, embezzlement."  (*Id.*, pp. 1–2.)[2]

### 3.  Improper Joinder of SCI-Houtzdale Defendants

Here, Plaintiff attempts to plead events at SCI-Houtzdale and SCI-Coal

Township that are not factually related.  (Doc. 1.)  A plaintiff may not bring

unrelated claims against unrelated parties in a single action.  *See* Fed. R. Civ. P.

18(a); 20(a)(2).  A plaintiff may bring a claim against multiple defendants so long

as (1) the claims arise out of the same transaction or occurrence, or series of

---

an amended complaint "must be retyped or reprinted so that it will be complete in itself including exhibits. . ."  Local Rule 15.1(a).  Therefore, the amended complaint will be considered standing alone.

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

transactions and occurrences; and (2) there are common questions of law or fact.
*See* Fed. R. Civ. P. 20(a)(2).   Courts have broad discretion in applying Fed. R. Civ.
P. 20 to reduce inconvenience, delay, and added expense to the parties and to the
court, and to promote judicial economy. *Hagan v. Rogers*, 570 F.3d 146, 153 (3d
Cir. 2009).   However, the policy of liberal application of Rule 20 is not a license to
join unrelated claims and defendants in one lawsuit. *See, e.g., Pruden v. SCI Camp
Hill*, 252 Fed.Appx. 436 (3d Cir. 2007) (nonprecedential).

Defendants argue that Plaintiff's amended complaint violates Rule 20 of the
Federal Rules of Civil Procedure as it raises several unrelated events in a single
action.   Specifically, they argue that the claims that occurred in 2018, 2019, and
2020 in SCI-Houtzdale are not related to the 2022 events in SCI-Coal Township.
(Doc. 31.)   The court agrees.   Plaintiff's complaint alleges that interactions with
SCI-Houtzdale staff members on January 10, 2018, April 11, 2018, June 25, 2019,
June 28, 2019, July 1, 2019, July 2, 2019, July 8, 2019, July 10, 2019, July 15–18,
2019, August 18, 2019 violated his constitutional rights. (Doc. 1, ¶¶ 1–34, 45–47.)
He then sets forth conduct at SCI-Coal Township in 2022. (*Id*., ¶¶ 41–44, 54–58,
60–89.)

It appears that Plaintiff perceive a connection between the allegations related
to each set of Defendants at each correctional facility based on his claims of
conspiracy and retaliation.   But he fails to demonstrate that there was a single

8

shared or united intent to conspire by the Defendants at SCI-Houtzdale and the Defendants at SCI-Coal Township.  Therefore, the 29 Defendants identified in the events that took place at SCI-Houtzdale are improperly joined to these proceedings.  Therefore, the claims raised against these 29 Defendants will be dismissed without prejudice to Plaintiff filing a separate claim regarding these events.  The court will address the claims that arose from the alleged events that took place at SCI-Coal Township below.

The court also notes that SCI-Houtzdale is located in the Western District of Pennsylvania.  Therefore, this is not the correct venue in which to bring these claims.  *See* 28 U.S.C. § 1391.  As such, should Plaintiff wish to pursue these claims, he cannot do so in the Middle District of Pennsylvania.

### 4. Improper Joinder of Claims at SCI-Coal Township

In addition to the improper joinder of claims based on events that allegedly occurred at SCI-Houtzdale, the court finds that Plaintiff improperly joined multiple claims from alleged events at SCI-Coal Township.  The court notes that Plaintiff is a litigious inmate, who has filed twelve additional cases before this court.[3]  By joining multiple events and multiple defendants into a single action, the court questions whether Plaintiff is attempting to fit as much as possible into a single

---

[3] 1:14-CV-00014-WWW-EW; 1:16-CV-00613-JPW-EW; 3:19-CV-00742-ARC-EW; 3:19-CV-01262-ARC-EW; 3:19-CV-01306-ARC-EW; 3;19-CV-01429-ARC-EW; 3:19-CV-02228-JPW-EW; 3:19-CV-01747-ARC-EW; 3:19-CV-01748-ARC-EW; 3:19-CV-01930-ARC-EW; 1:21-CV-00029-JPW-EW; 1:22-CV-00114-JPW-EW.

filing fee.  This will not be permitted.  *See Robinson v. Delbalso*, No. 1:20-CV-1171, 2020 WL 5602932, at *3 (M.D. Pa. Sep. 18, 2020) ("Instead of joining unrelated claims, a plaintiff's remedy is to file a separate lawsuit.").

The amended complaint contains so many different events at SCI-Coal Township, that the court is forced to refer to the original complaint as a means to identify the event that is the driving force behind this action.  (Docs. 1, 6.)  Here, the original complaint begins with an exchange that took place on May 1, 2022.  (Doc. 1, ¶ 1.)  In the amended complaint, the alleged conduct at SCI-Coal Township includes these claims.  (Doc. 6, ¶ 60.)  Therefore, the court will address this interaction as the crux of the amended complaint and dismiss the unrelated claims.  The claims related to the May 1, 2022 interaction are summarized below.  The court will dismiss the remaining claims related to denying Plaintiff his kosher diet, damaging his typewriter, taking funds from his inmate account, complaints related to the inventory of his property, and the denial of medical care while at SCI-Coal Township.  (*Id.*, ¶¶ 34–39.)  The court will also dismiss the claims that the commissary items violate consumer law, the Antitrust Act, the Payton Act, the Sherman Act, and the laws preventing a monopoly.  (*Id.*, ¶ 40.)  These claims do not arise out of the same transaction or occurrence, or series of transactions and occurrences, and do not involve common questions of law or fact as set forth in Fed. R. Civ. P. 20.

### 5.  Claims Related to the May 1, 2022 Events

As alleged in the amended complaint, on May 1, 2022, Sargent Rudisell[4] threatened and sexually assaulted Plaintiff.  (Doc. 6, ¶¶ 60–61.)  Plaintiff filed a PREA complaint following the alleged conduct.  (*Id*., ¶ 61.)  Plaintiff then alleged that Sargent Rudisell retailed against him by further harassment and falsifying a misconduct against him.  (*Id*., ¶¶ 62–63.)  Plaintiff alleges that on May 3, 2022, Defendant Hearing Executive J. Yodis denied him the review of the video evidence, thereby violating his due process.  (*Id*., ¶ 64.)  Plaintiff alleges that Defendant Yodis stated that he was called and told to find Plaintiff guilty of the misconduct.  (*Id*.)  Plaintiff asserts that Defendant Yodis' statement regarding this call is evidence of a conspiracy.  He then alleged that on May 15, 2022, Defendant Fenstermacher threatened him with "I'm gonna get you," and when asked what he meant by that comment responded with "[w]e all stick together around here."  (*Id*., ¶ 66.)  Plaintiff then alleged that Defendant Fenstermacher falsified a misconduct against him.  (*Id*., ¶ 67.)  Plaintiff alleges that at the hearing for this misconduct on May 16, 2022, Defendant Yodis refused to allow his witness to testify.  (*Id*., ¶ 69.)

Plaintiff alleges that despite this pending PREA complaint, Sargent Rudisell worked on his block on May 17, 2022 and May 18, 2022 and Plaintiff wrote to inform Defendant McGinley of this violation.  (*Id*., ¶ 70.)  He then alleged that on

---

[4] Sargent Rudisell is not named as a defendant in the amended complaint.  (Doc. 6.)

May 17, 2022 he informed Defendant Evans that Sargent Rudisell was not supposed to be around him, and Defendant Evans stated that he could report him to security, have him locked up in the restricted housing unit ("RHU"), and have his property destroyed.  (*Id.*, ¶ 71.)

On May 19, 2022, Defendant Cohoon escorted Plaintiff to the RHU and took all his property to security.  (*Id.*, ¶ 72.)  Plaintiff alleges that Defendant Cohoon threatened to slam him on his back.  (*Id.*)  He alleges that he was placed in a dirty cell in RHU.  (*Id.*, ¶ 73.)  Plaintiff states that he then asked for grievances for two shifts and did not receive any, he was told to cover his door "so we could get your ass for all of the paperwork you filed."  (*Id.*, ¶ 74.)  He alleges that he then covered his cell door and Defendant Brown sprayed pepper spray in his cell.  (*Id.*, ¶ 75–76.)

Plaintiff then stated that Defendant Delton stated on camera that Plaintiff was placed on bedding restriction, but that he was actually placed in a cell with no shoes, blanket, mattress, or "standard due care" from May 19-28, 2022.  (*Id.*, ¶ 78.)  He alleges that he was deprived of brushing his teeth, practicing his religion, and taking showers.  (*Id.*, ¶ 79.)  He alleges he had to walk on concrete and sleep on metal in a dirty cell.  (*Id.*)  He alleges he contracted a ringworm on his head, suffered complications with his sciatic nerve, and suffered damaged teeth as a result.  (*Id.*)

He alleges that on May 20, 2022, Defendants McGinley, Gibson, Burns, and Marsh saw him in his alleged condition and told him he would think twice about the paperwork he had been filing. (*Id.*, ¶ 80.) Plaintiff alleges that on May 22, 2022, Defendant McDonald told him that he could not talk to her until he stopped filing paperwork against staff. (*Id.*, ¶ 83.) He told Defendant McDonald that he would write her up, so she filed a false misconduct against him. (*Id.*)

Plaintiff alleges that on June 1, 2022, Defendant Bergeron[5] told him that Defendants Gibson and Burns showed him the grievance Plaintiff had filed against him, and he was given permission to backdate a form to file a misconduct against Plaintiff. (*Id.*, ¶ 86.) On June 15, 2022, Plaintiff alleges that Defendant Stamm denied him access to the yard and showers in retaliation for his grievance filing. (*Id.*, ¶ 41.)

These alleged facts and the individuals identified in the above summary of the amended complaint are the sole claims and the sole defendants that will proceed in this action. They address ongoing conduct of alleged retaliation that started with the exchange between Sargent Rudisell and Plaintiff on May 1, 2022. Therefore, they arise out of the same series of transactions and occurrences and involve common questions of law or fact. Defendants' motion to dismiss failed to

---

[5] Defendant Bergeron is listed as terminated in CM/ECF. However, he is named in the amended complaint. (Doc. 6, p. 1.) Therefore, the Clerk of Court will update CM/ECF to reflect that he is an active Defendant in this action.

discuss these allegations in their brief in support of their motion to dismiss.  (Doc. 31.)  Therefore, the court will not address the merits of these claims in more detail at this time.

### 6.  Supplemental Complaint

Plaintiff filed a supplement to the amended complaint on September 8, 2022. (Doc. 25.)  Federal Rule of Civil Procedure 15(d) allows a party to file and serve a supplemental pleading with leave of the court.  Plaintiff failed to file a motion requesting leave prior to the supplemental pleading being filed.  Therefore, any claims raised in the supplement pleading cannot be considered and are dismissed.

### C. Defendants' Motion To Revoke Plaintiff's *In Forma Pauperis* Status Will Be Granted.

Defendants moved to revoke Plaintiff's *in forma pauperis* status because his allegation of poverty was untrue and requested that the case be dismissed under 28 U.S.C. § 1915(e)(2)(A) should he fail to file the remaining balance of his filing fee. (Docs. 50, 51.)

However, Defendants' requested remedy is not in line with 28 U.S.C. § 1915(e).  If the court finds that Plaintiff's allegation of poverty is untrue "the court shall dismiss the case."  28 U.S.C. § 1915(e)(2)(A).  There is no requirement that the court grant Plaintiff an opportunity to pay the filing fee in full.  Separately, if a plaintiff's financial circumstances change, the court may require him to pay the filing fee in full.  *See Wiideman v. Harper*, 754 F.Supp. 808, 809 (D. Nev. 1990).

14

First, the court will address the allegation that Plaintiff's application for *in forma pauperis* status was untrue.  When Plaintiff applied for *in forma pauperis* status on June 22, 2022, he stated that he had less than $50.00 in his account. (Doc. 4, p. 2.)  A Monthly Account Statement from his inmate account states that on June 22, 2022, the account had a balance of $116.96.  (Doc. 12, p. 3.) Defendants provided a second statement from his inmate account showing the same balance on June 22, 2022.  (Doc. 15-1, p. 2.)  The court had the inmate account balance at the time it made the determination to grant Plaintiff's application for *in forma pauperis* status.  Therefore, it was aware of the difference of about $66.96 between what Plaintiff alleged on his application and what was in his account.  As such, the court will not revoke Plaintiff's *in forma pauperis* status on the premise that his original application was untrue.

However, the court will revoke his *in forma pauperis* status for the change in circumstances.  Plaintiff was gifted $1,000.00 on October 22, 2022.  Other courts have indicated that a plaintiff may be required to pay the filing fee where their financial status changes during the course of the litigation.  *See Wiideman*, 754 F.Supp. at 809 (A trial court "may retroactively require plaintiff to pay fees and costs if his financial situation" improves after he is granted in forma pauperis status.); *Williams v. Marshall*, 795 F.Supp. 978, 979 (N.D. Cal. 1992) ("If [pro se prisoner plaintiff] prevails, the filing fee must be paid out of any monetary

recovery.").  Here, Plaintiff's financial status has changed, and he now has the means available to pay the remaining portion of his filing fee.  As such, the court will grant Defendants' motion and will revoke Plaintiff's *in forma pauperis* status. Plaintiff has made partial payments towards the filing fee including $28.69 on August 4, 2022 and $10.00 on September 13, 2022.  Plaintiff will have thirty (30) days to pay the remaining balance of his filing fee, which is $413.31, or his case will be dismissed.

### D. Plaintiff's Motion For a Preliminary Injunction Will Be Denied.

There has been an ongoing controversy in this case regarding the potential destruction of property following Plaintiff's transfer to SCI-Forest.  (Docs. 39, 41, 43.)  On October 31, 2022, Plaintiff filed a motion for a preliminary injunction and subsequently filed multiple supplements to this motion.  (Docs. 45, 48, 55, 56, 60.) His most recent supplement was filed on December 8, 2022.  (Doc. 66.)  The court ordered Defendants to respond to this motion on November 21, 2022.  (Doc. 62.) While this response was pending, the court entered a temporary restraining order enjoining the DOC from destroying Plaintiff's property.  (*Id*.)  Defendants' response confirmed that no property was destroyed and detailed how the property was being held.  (Doc. 46.)  Therefore, Plaintiff's motion for a preliminary injunction will be denied and the temporary restraining order will not be extended.

**E. Plaintiff's Request for Subpoena Will Be Denied.**

On November 16, 2022, Plaintiff requested a subpoena to gather postal records to prove that monies had been improperly deducted from his account to ship his property to SCI-Forrest. (Doc. 63.)  The transfer to SCI-Forrest and the treatment of his property is a claim unrelated to the present action outside of the fact that Plaintiff now has access to his legal property so he may continue this action.  Therefore, this request will be denied.

CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration will be deemed withdrawn.  Defendants' motion to dismiss will be granted in part and denied in part.  Claims against Defendants Yodis, Fenstermacher, Evans, Cohoon, Brown, Delton, McGinley, Gibson, Burns, Marsh, McDonald, Bergeron, and Stamm related to the actions set forth from May 1, 2022 through June 15, 2022 will not be dismissed.  All other claims raised against all other Defendants will be dismissed without prejudice to filing separate claims for each separate transaction or occurrence.  Plaintiff will not be granted an opportunity to amend his complaint as a matter of course as discussed in *Phillips* because the claims dismissed in this Order were not improperly pled, but improperly joined.

Defendants' motion to revoke Plaintiff's *in forma pauperis* status will be granted.  Plaintiff will be required to repay the remaining balance of the filing fee

17

within thirty days, or the case will be dismissed.  Plaintiff's motion for a

preliminary injunction will be denied.  Plaintiff's request for a subpoena will be

denied.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: January 3, 2023